Singer v. SSA                    CV-02-387-M    01/06/04

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Robert Singer,
o/b/o Joyce Singer,
       Claimant

       v.                                    Civil No. 02-387-M
                                             Opinion No. 2004 DNH 001
Jo Anne B. Barnhart,
Commissioner, Social
Security Administration,
       Respondent


**O R D E R**


Claimant moves for an award of attorney's fees, under 28 U.S.C. § 2412(d).  Respondent objects.  Claimant's motion is denied.


According to claimant, the court's order reversing the Appeals Council's decision (document no. 14) was based upon clear legal error by the Appeals Council, which demonstrates that the government's position in this case was not substantially justified.  Plaintiff reads too much into the court's order.


The government's position was substantially justified, to the extent the disputed bank account held unspent Social Security

benefits (also termed "conserved current benefits"). The ALJ's apparent conclusion - that the designation of that account as a "trust" account (and the beneficiary's inability to directly access funds in that account) was sufficient to shield it from being counted as a resource of the beneficiary - was legally incorrect. As stated in the prior order, conserved current benefits are countable resources, as a matter of law, no matter the label attached to the bank account or other financial vehicle used to hold them.

The decision of the Appeals Council was reversed not because the Appeals Council erroneously counted resources that should not have been counted, but because it decided the case based upon an inadequate record. The record, as developed, did not provide a basis upon which to determine either the amount or legal status of personal funds Mr. Singer co-mingled with his daughter's SSA benefits in the Citizens Bank "trust" account. The parties, the ALJ, and the Appeals Council all focused upon the legal status of the Citizens Bank account in gross rather than in terms of the discrete sources of funds held in it, and the restrictions, if any, placed on disbursements from it.

2

If, in any month, the account contained more than $2,000 <u>in unspent SSI benefits</u>, claimant was ineligible for additional benefits in that month. Or, if it contained more than $2,000 in unspent SSI benefits, or completed unrestricted gifts, or a combination of benefits and completed gifts, claimant was ineligible for additional benefits in that month. The case was remanded because the record suggests, but is insufficient to establish, that the account sometimes (or often) contained more than $2,000 in conserved current benefits, or completed gifts, or some combination. At the time the government made its claim against Singer, it had no way of knowing that the account into which it deposited her benefit checks also contained funds from other sources.[1] Moreover, claimant offered nothing that would help disentangle the co-mingling, while seeming to argue that all of the account funds were held in trust and were, therefore, not subject to asset counting, which is plainly wrong with respect to conserved current benefits.

---

[1] In fact, SSI strongly counsels against co-mingling SSI benefits with any other funds, presumably to avoid precisely the problem presented in this case. SSI's strong statement against co-mingling made it reasonable for the government to conclude, in the absence of evidence to the contrary, that there were no funds in the account other than conserved current benefits.

3

In any event, because the Citizens Bank account contained a substantial amount of countable funds, i.e., claimant's SSI benefits, and because claimant has yet to produce evidence that would support a claim that the account contained less than $2,000 in conserved current benefits (and/or completed gifts) in any of the months in which she was deemed ineligible,[2] the government's position in this case has been and remains substantially justified.

That said, a brief clarification of the previous order might insure that the relevant issues are addressed on remand. First, any conserved current benefits in the Citizens Bank account are countable resources. If, in any month, the account contained more than $2,000 in conserved current benefits (and/or completed gifts), claimant was ineligible for benefits in that month. Robert Singer's contributions to the account and the conditions, if any, placed upon those contributions, may prove significant in determining, in the first instance, the amount of conserved current benefits (and/or completed gifts) the account held in any given month.

_____

[2] Any such evidence, it should be noted, is uniquely within claimant's control.

4

Determining that Robert Singer was the source of funds in the account that put any given month's total above $2,000 does not, however, end the inquiry. The question then becomes one of legal access to the funds placed into the account by Mr. Singer. In that inquiry, Joyce Singer's inability to personally withdraw funds from the account is somewhat beside the relevant point. Rather, the relevant question concerns the legal restrictions, if any, that Robert Singer placed upon the funds he deposited in the account. If those funds remained his (or the trust's) until he disbursed them, at his sole discretion, for the benefit of Joyce, then, perhaps, the part of the Citizens Bank account funded by Robert Singer qualifies as a trust that is not a countable resource. If, on the other hand, those funds became the property of Joyce when deposited, then they were countable resources. On remand, it will be necessary to establish, as precisely as possible, the legal status of those funds.[3] These are not necessarily easy questions to resolve on a fully developed

_____

[3] As the Commissioner correctly points out, Mr. Singer's establishment of a client trust account to collect Joyce's benefits does not necessarily work in claimant's favor on the question of ownership; the point of a client trust account is to preserve the client's funds. Although, client trust accounts are also often used to hold other funds in escrow until the client's entitlement is established.

5

record, and they cannot possibly be resolved on this record. There may well be other pertinent facts to consider - e.g., were the funds contributed by Mr. Singer restricted to providing support in ways other than those covered by SSI benefits?

Finally, as noted in the previous order, the parties ought to resolve this dispute with a minimum of further litigation. The amount claimed to be in dispute, comparatively small to begin with, will certainly be diminished by a running accounting. Finally, the factual basis for this dispute is unusual enough that no broader systemic purpose is likely to be served by litigating to the bitter end. No doubt Mr. Singer, an attorney, will properly structure his commendable generosity in the future and supplement his daughter's deserved but limited social security allowance in a manner satisfactory to even the most demanding of SSA monitors. Accordingly, the parties are, again, strongly encouraged to negotiate a reasonable settlement to this dispute in the interests of both the disabled beneficiary and the taxpayers who have already paid government employees far more to litigate than is in dispute.

For the reasons given, claimant's motion for attorney's fees (document no. 10) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 6, 2004

cc:  David L. Broderick, Esq.
     Raymond J. Kelly, Esq.